```
                                                    FILED
                                              U.S. DISTRICT COURT
                                              DISTRICT OF NEBRASKA
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA      13 JUN -7 PM 2: 18

                                                 OFFICE OF THE CLERK
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:13CR 161 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| VISION 20-20 INC., | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Michael P. Norris, Assistant United States Attorney, and defendant, VISION 20-20 INC., and Neal Parsons, counsel for defendant, as follows:

## I

## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to enter a plea of guilty to Count I of a Criminal Information, charging a violation of Title 42, United States Code, Section 7413(c)(1)(B), relating to the illegal removal/disposal of asbestos.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements: 1.) Defendant is a person (defined to include a corporation); 2) Who acted negligently; 3) By releasing into the ambient air; 4) An extremely hazardous substance (asbestos); and 5) At the time of the release, Defendant negligently placed another person or persons in imminent danger of serious bodily injury.

1

B.     ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Vision 20-20 is a Nebraska corporation established to build a new motel in Falls City. The motel was built on the site of the Stephenson Motel. The existing structure had to be demolished in order to put up the new motel. Prior to its destruction, it was necessary that asbestos be abated from the roof and floors of the existing structure. An asbestos removal firm was hired and abated the roof of the building in October 2010. This was done at an expense of approximately $24,000. That left the tile on the floors and the flooring underneath the tile to be abated. When the company returned a few months later to begin the asbestos abatement from the flooring, they found that the motel had been demolished. When demolished, the motel still had 4,814 square feet of asbestos tile and 336 square feet of flooring.

Investigation by the Nebraska State Patrol, and NDEQ determined that Vision 20-20 decided to remove the asbestos and demolish the building without the asbestos contractor to save the $14,000 in fees bid for the remainder of the job. The rubble, including the asbestos laden tile, was discovered in two places. Part of it was dumped in large piles at the Richardson County Department of Roads. The other was brought to a farm where it was dumped in a ditch. This particular ditch, although dry, leads to a tributary and is a violation of the Clean Water Act. The improper removal and disposal of asbestos is a violation of the Clean Air Act. Testing from both sites confirmed that the debris, mostly concrete and building materials, did contain asbestos, from the tiles and flooring. Vision 20-20 hired a contractor to properly dispose of the piles of rubble left at both sites.

### III

### PENALTIES

A.     COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

   1.   A maximum 5 years of Probation;
   2.   A maximum $200,000 fine (18 U.S.C. § 3571(c)(5));
   3.   A mandatory special assessment of $125 (18 U.S.C. § 3013(a)(B)(iii)).

2

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the Court:

1.) Shall order the defendant to pay, immediately upon sentencing, a fine in this case in the amount of Twenty-Five Thousand ($25,000.00) dollars. The fine is payable immediately upon sentencing but may be paid in increments during the term of probation.

2.) Order the defendant to pay, immediately upon sentencing, if it has not been paid before that time, the special assessment of $125.00 due under Title 18, United States Code, Section 3013(a)(B)(iii).

3.) ~~Impose a term of probation for five (5) years. Defendant may request early termination from probation after at least one year has passed and the fine and restitution has been paid in full. Provided these conditions have been met the United States will not object to the Court granting early termination of probation.~~

4.) The Court will impose restitution in the sum of $6,855.00 payable to the Clerk of the District Court to reimburse the Nebraska Department of Health and Human Services for monitoring the asbestos clean up from the unauthorized dumping grounds.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution and fine. Interest shall not accrue on the criminal monetary penalty.

B.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "Factual Basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## WAIVER OF FOIA REQUEST

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department of agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

## VIII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## IX
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

E. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## X

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## XI

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XII

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

6/7/13
Date

*[signature]*
MICHAEL P. NORRIS
ASSISTANT U.S. ATTORNEY

6-7-13
Date

*[signature]*
VISION 20-20 INC.
DEFENDANT

6-2-13
Date

*[signature]*
NEAL PARSONS
COUNSEL FOR DEFENDANT

VISION 20-20 INC.

BOARD OF DIRECTORS
SPECIAL MEETING

May 22, 2013
5:00 P.M.
Vision Inn Motel
2621 Harlan Street, Hwy. 73
Falls City, Nebraska  68355

Board of Director members present were:  Jerry McKim, Leon Wilhelm, Jim Jones, Dave Borg, Gary Jones and Allan Clark (by speaker phone).  Stockholder Brian Palmer was also present.

Leon Wilhelm moved and Dave Borg seconded a motion that Vision 20-20 Inc. pay the following expenses for Jerry McKim and Brian Palmer for the law suit concerning the asbestos removal from the old motel:  the fine, court costs, transportation, and usual and customary expenses for:  lawyer expenses and loss of time and wages.  The motion passed unanimously.

The proposed plea agreement in the United States District Court for the District of Nebraska Case in which the corporation is involved was reviewed and discussed.  Dave Borg moved and Gary Jones seconded a motion that Leon Wilhelm, Vice President of the corporation, be authorized and directed to execute on behalf of the corporation the aforesaid plea agreement and to further enter a plea to the Court on the Case.  The motion passed unanimously.

Leon Wilhelm moved and Gary Jones seconded a motion that Leon Wilhelm, the Corporate Vice President, be authorized to use a corporation check or a motel check to pay the fine, any special assessment, and restitution to the Nebraska Department of Health and Human Services at the Court hearing to be held in Omaha, Nebraska on June 7, 2013.  The motion passed unanimously.

Meeting adjourned.

_____
Jerry McKim, Secretary/Treasurer



DEFENDANT'S
EXHIBIT
101
8:13CR161